STATE of Missouri,
Plaintiff-Respondent,

v.

Tommy THOMPSON,
Defendant-Appellant.

No. 37706.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 19, 1977.

Motion for Rehearing and/or Transfer
Denied Sept. 12, 1977.

Application to Transfer Denied
Oct. 11, 1977.

Walter Sheata, Asst. Public Defender, James M. Smith, St. Louis, for defendant-appellant.

John D. Ashcroft, Robert L. Presson, Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his convictions by a jury for robbery first degree and assault with intent to kill with malice. He received a punishment of imprisonment for ten years for the robbery and thirteen years for the assault to be served consecutively. We affirm.

A cab driver was robbed and shot three times by a customer. The victim positively identified defendant as the robber.

 Defendant raises only one claim of error on appeal—that a gun admitted into evidence was not sufficiently shown to have been in the possession of defendant to be admissible. Weapons which furnish evidence may be admitted into evidence if they are relevant, material and have probative value. Under these tests the weapon is admissible if sufficiently identified and connected with the defendant *or* the crime. *State v. Wynne,* 353 Mo. 276, 182 S.W.2d 294 (1944) [6, 7]; *State v. Greathouse,* 519 S.W.2d 299 (Mo.App.1975). Defendant concedes that the pistol was connected with the crime. It would be difficult to contend otherwise. The gun was positively identified by the victim. Additionally expert testimony established that it was the same gun

that fired a bullet removed from the victim.[1] The weapon was therefore adequately connected with the crime to be admitted into evidence. For that reason alone defendant's contention fails.

In addition, however, the gun was found under the front passenger seat of a second cab, which seat was occupied by defendant immediately before the gun was found. Testimony from the second cab driver warranted an inference that upon being alerted that a police car was stopping the cab, defendant took something from his coat pocket and placed it under the front seat. The evidence was sufficient to establish the gun's connection with both the crime and the defendant.

Judgment affirmed.

CLEMENS, P. J. and DOWD, J., concur.

---

1. The bullet was removed from the victim some months after the crime with the consent of the victim who underwent major surgery to his neck and shoulder for the sole purpose of providing the bullet as evidence.