**STATE of Missouri, Plaintiff-Respondent,**

v.

**Brenton Laverne CROSS, Defendant-Appellant.**

**No. 49405.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer Denied Oct. 17, 1985.

William J. Shaw, Public Defender, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Brenton Laverne Cross was convicted in the Circuit Court of St. Louis County of one count each of felonious restraint, § 565.120 RSMo 1978, sodomy, § 566.060 RSMo Supp.1984, and second degree robbery, § 569.030 RSMo 1978. He was sentenced to one year imprisonment on the felonious restraint count, five years on the sodomy count, and five years on the robbery second degree count. The term of imprisonment imposed on the felonious restraint count is to be served concurrently with the five year sentence imposed in the second degree robbery count and the five year sentence on the sodomy count is to be served consecutively with the terms imposed in the other counts pursuant to the mandate of § 558.026.1 RSMo Supp.1984. He has appealed. We affirm.

The facts developed by the evidence were that shortly after 10:30 p.m. on April 4, 1984, the victim, M.J.T. left her work as a busgirl at a pub on North Lindberg and drove to a Steak'N Shake restaurant on Page and Ashby in St. Louis County. She entered the restaurant, sat down at a booth and ordered some food. She was the only customer in the restaurant at the time. While she was eating, a man she identified as the appellant, came into the restaurant. Shortly thereafter he came and sat across from her at her table and began talking to her. She testified that his speech was slurred and he appeared to be intoxicated, and she said only a few words to him.

When M.J.T. left the restaurant appellant followed her to her car and as she was about to unlock the car door, he grabbed her and told her that he "wanted" her. She replied that he could not "have" her. He then pulled a sharp object from a backpack he was carrying, pressed the object against her throat, forced her into her car on the driver's side, and climbed in behind her. He ordered her to give him the car

keys, and when she did he started the car and moved it to the vicinity of the Page Avenue exit and parked the car. He then directed her to give him her money; about four dollars. He placed the bills under his left leg, and then ordered her to remove her pants. He lowered his own pants and forced her to sodomize him twice, passing out momentarily between the two incidents, but awoke before she could escape. During both of these incidents appellant had the sharp object against her waist. When she hesitated to respond to an order, appellant pushed the point of the sharp object into her.

Finally, after the second sodomy incident, and when the appellant passed out, M.J.T. was able to pull her pants up, run back to the restaurant, and call the Overland police to report the incident. The police arrived on the scene, received a report of the incidents from M.J.T. and took appellant into custody. At trial M.J.T. identified appellant as the culprit who committed the crimes for which appellant was on trial.

One of the arresting officers testified that while he was arresting appellant, appellant told him that he had a knife and would cut him, and that after he issued this threat, the police officer observed appellant drop a "shiny" object. After appellant was removed from the car, the "shiny" object was found on the floor of the car where appellant had been seated. The "shiny" object was a fingernail clipper. He also testified that when he arrived at M.J.T.'s car the appellant was still asleep; that he entered the car from the passenger side of the car and observed that the appellant's pants were down around his ankles. He grabbed appellant's right arm with his left hand and shook the appellant to awaken him. When appellant woke up the officer advised him he was under arrest. Appellant became excited and this is when he told the officer he had a knife in his left pocket and he'd cut the officer with it. As the officer attempted to remove him from the car, he wrestled with the officer. About this time a second police officer arrived on the scene, went around to the driver's side of the car and broke the window in the door of the car with his night-stick, shattering the glass and causing it to spray onto the appellant. It was at this point that the appellant dropped the shiny object. The appellant was then pulled out of the car to the pavement, face down, and was handcuffed, and his pants were pulled up.

After the appellant was subdued, the arresting officer returned to the car and found the fingernail clipper on the floorboard. He also found the four dollars taken from the victim on the floorboard of the back seat area.

On appeal, appellant contends (1) that the guilty verdicts on the felonious restraint count and on the sodomy count were inconsistent with a not guilty verdict on the second sodomy count and therefore the trial court erred in accepting these verdicts, and (2) that the trial court erred in admitting into evidence the fingernail clipper found in the victim's car in that it was not identified by the victim or sufficiently related to the incident to be admissible.

Appellant was charged with one count of felonious restraint, two counts of sodomy, one count of robbery in the second degree, and one count of resisting arrest. He was acquitted of one count of sodomy and the resisting arrest count. Appellant argues that the jurors must have been less than unanimous in their belief of M.J.T.'s testimony or appellant would have been convicted of both counts of sodomy, and therefore the verdict cannot stand. We disagree.

Each count of the charge must be regarded separately. *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190[3], 76 L.Ed. 356, 358–359[4] (1932), *State v. McCall*, 602 S.W.2d 702, 708[21] (Mo.App.1980). The precise argument appellant makes here was previously considered by this court in *State v. Doney*, 622 S.W.2d 227, 229[2] (Mo.App.1981), and ruled against said argument.

In *Doney*, the defendant was charged in Count I with rape and in Counts II and III with deviate sexual intercourse (sodomy). He was convicted of the rape charge and of one count of deviate sexual intercourse; he was found not guilty on the second count of deviate sexual intercourse. On appeal

**54** ■

the defendant contended reversal was required because of inconsistent verdicts. This court said, 622 S.W.2d at p. 229:

> While we acknowledge that all the evidence had a single source [the victim], we do not believe that reversal is required ... [citation omitted]. "However much the jury's conclusion may tax the legally trained's penchant for consistency, the law is clear that inconsistent verdicts among the varied charges of a multi-count indictment are not self-vitiating.... [J]uries frequently convict on some counts and acquit on others, not because they are unconvinced of guilt but simply because of compassion, and compromise." *State v. McCall*, 602 S.W.2d 702, 708[22] (Mo.App.1980).

See also, *State v. Burgin*, 654 S.W.2d 627, 629[1] (Mo.App.1983).

■ The rule is that inconsistent verdicts among several charges will require reversal only if there is insufficient evidence to support the jury's finding of guilt. *State v. Clemmons*, 643 S.W.2d 803, 805[8] (Mo. banc 1983). That, however, is not the case here. The victim's testimony is sufficient to sustain a conviction. *Doney*, supra, at p. 229.

We rule this contention against appellant.

Appellant next contends that it was error for the trial court to admit, over his objection, the fingernail clipper found in the victim's car into evidence.

■ It is error to admit into evidence weapons which are not connected with the defendant or the crime, and which do not possess probative value. *State v. Hughes*, 596 S.W.2d 723, 728[7] (Mo. banc 1980), citing *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294, 299[6] (1944).

However, in *State v. Cuckovich*, 485 S.W.2d 16 (Mo. banc 1972) which was cited in *Hughes*, supra, the Supreme Court of Missouri, said at p. 23[12]:

> [A] weapon or instrument found in the possession of accused ... which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding justifies an inference of

the likelihood or possibility of it having been used, is admissible for the purpose of showing availability to accused of the means of committing the crime in the manner which it is shown to have occurred ...

■ In this case the fingernail clipper was not identified as a weapon used by appellant. However, M.J.T. testified that the fingernail clipper was not hers. This, coupled with the testimony of the arresting officer that he saw the appellant drop a shiny object in the same place where he found the fingernail clipper authorized the jury to infer that the fingernail clipper was the sharp object pushed against the victim's waist during the occurrence of the sodomies. For these reasons the fingernail clipper was admissible. The law does not require that the identification of a weapon allegedly used in the commission of a crime be wholly unqualified. *Hughes*, supra, 596 S.W.2d at p. 728[8].

We also hold this contention of appellant to be without merit.

We affirm.

STEPHAN, C.J., and SIMON, P.J., concur.