**STATE of Missouri, Respondent,**

v.

**Billy J. GRISSOM, Appellant.**

**No. 56954.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 1990.

Stuart A. Cofman, Russell Anthony Willis II, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Billy Grissom, appeals his jury conviction in the Circuit Court of St. Louis County for the offenses of possession of marijuana, RSMo § 195.020 (1986) and unlawful use of a weapon, RSMo § 571.030.1(1) (1986). The jury sentenced appellant to sixty days imprisonment and a $1,000.00 fine for the possession charge and one-hundred twenty days in prison and a $3,000.00 fine for the unlawful use of a weapon charge. The trial court entered the jury's sentences but suspended execution of the jail sentence on the weapons charge and placed the appellant on five years of probation. We affirm.

The evidence adduced below reveals that on February 29, 1988, appellant met with undercover Police Officer Jack House to discuss the possible future purchase of some marijuana. A confidential informant had arranged the meeting between the appellant and Officer House. At the meeting, appellant informed Officer House that he and a partner, later identified as Jeffrey Nickells, wished to purchase five pounds of marijuana. The parties agreed to a price of $950.00 per pound and appellant agreed to notify Officer House the next day whether he had sufficient funds for the purchase. The following day, Officer House received a telephone call from appellant who informed him "that they had their money" and were "set to go." Officer House then arranged for them to meet in a hotel room because Nickells was "leery about doing the deal on a parking lot." Prior to appellant's arrival, police installed two electronic devices in the hotel room to record the transaction.

At approximately 10:00 p.m., the appellant and Nickells arrived at the hotel room. The appellant engaged in conversation with Officer House while another undercover officer, Detective Fagan, and Nickells weighed the marijuana and discussed the details of the transaction. When the trans-

action was completed, the appellant and Nickells left the hotel room and were subsequently arrested. A small .22 caliber pistol was discovered on the appellant by the arresting officers.

A trial was held on May 11, 1989, and the jury returned a guilty verdict the next day. This appeal followed.

■ Appellant's initial contention is that the trial court erred in admitting that portion of the taped conversation of the parties wherein Nickells referred to a future purchase and sale of cocaine. This evidence was presented both by way of the tape of the transaction, which the appellant has failed to provide to this court, and by way of a transcript of the tape, prepared by Officer House and provided to the jury to aid its understanding of what was said on the tape.

We first note that, contrary to appellant's claims, it was the appellant, not Nickells, that initially made inquiries regarding cocaine sale to the officers. In addition, the statements, even if made by Nickells, would be evidence of a continuing conspiracy to possess controlled substances and, as such, would be admissible as statements of a co-conspirator. See *State v. Daugherty*, 631 S.W.2d 637, 643 (Mo.1982). Point denied.

■ Appellant next claims that the court erred in permitting the jury to read the transcript of the tape recording. We note that transcripts may be used if portions of a tape are inaudible or if there is a need to identify the speakers. *State v. Engleman*, 653 S.W.2d 198, 200 (Mo.1983). In the present case, we have not been provided with a copy of the tape, although appellant does not dispute that portions of it are inaudible. How the appellant expects this court to determine the propriety of the trial court's action is indeed a good question. This is particularly true with regard to his allegation that the transcript is not truly accurate. We are not omniscient and, lacking a tape to compare with the transcript, it is impossible for us to consider these points.

Appellant next claims that the trial court erred in allowing the State to admit weapons seized from Nickells into evidence. We disagree.

■ After the appellant and Nickells left the hotel room, police officers apprehended them and, upon their arrests, found several weapons on Nickells and a .22 caliber pistol on the appellant. All of these weapons, including those found on Nickells, were admitted at appellant's trial. While we recognize that, generally, weapons not connected with the defendant or the crime he is charged with and not otherwise possessing probative value are not admissible at trial, *State v. Cross*, 699 S.W.2d 51, 54 (Mo.App., E.D.1985), weapons connected with the defendant or the crime charged are relevant. *State v. Humphrey*, 723 S.W.2d 427, 429 (Mo.App., W.D. 1986). Weapons are sufficiently connected to the defendant when found in the possession of criminal associates. *Id.* The weapons found on Nickells were, thus, admissible against the appellant.

■ Appellant next contends that the trial court erred in overruling his objection when the State, on cross examination, asked the appellant if he would have used his gun if the person selling the marijuana had tried to take his money. This court has no doubt that the question asked bears no relevance to either of the charges made against the appellant. Likewise, however, we are convinced that the error committed by the trial court in allowing the question was harmless. Error, which in a close case may require reversal, may be disregarded as harmless where the evidence of guilt is strong. *State v. Sykes*, 628 S.W.2d 653, 657 (Mo.1982). Here, the State presented the testimony of the two officers who sold the marijuana to the appellant and of the officers who arrested appellant and discovered the weapon he was carrying. In addition, the defendant never denied his guilt. On the contrary, he admitted his guilt to both charges. As the evidence of guilt was strong, no prejudice occurred and the point is denied.

■ Appellant finally claims that the trial court erred in overruling his objection

to the State's comment during closing argument to the effect that the appellant was a dealer in marijuana. Epithets about a defendant made during closing argument are unnecessary and can rise to prejudicial error if sufficient to inflame the jury. *State v. Burke*, 719 S.W.2d 887, 891 (Mo. App., E.D.1986). Where the characterization of the defendant is based upon the evidence received at trial, such prejudice does not result. *Id.* Here, the appellant on direct examination by his counsel, presented evidence that he had sold marijuana in the past, albeit not for a profit. We do not see how prejudice could result from the State's use of appellant's testimony, particularly when such testimony was introduced into evidence by the appellant. Point denied.

Affirmed.

CRIST and SIMON, JJ., concur.