**STATE of Missouri, Respondent,**

v.

**Steven WATSON, Appellant.**

**No. WD 41705.**

Missouri Court of Appeals, Western District.

Feb. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1991.

Application to Transfer Denied May 3, 1991.

---

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Appellant, Steven Watson, appeals his convictions, after trial by jury, for kidnapping, assault in the first degree, armed criminal action, assault in the second degree, leaving the scene of a motor vehicle accident, and assault in the third degree.

Appellant also appeals from the denial of his motion to vacate judgment and sentence under Rule 29.15.

The evidence at trial was that on October 12, 1986, appellant beat a woman by the name of Benita Clark with his fists and a crowbar, held her around her neck until she fell unconscious and forced her into the trunk of his car as he drove around. While driving around, appellant was pursued by the police and in attempting to elude the police he ran into an automobile injuring Benita Clark as well as the occupants of the other automobile. One of the occupants of the other automobile, Lea Barnett, received serious injuries in the accident.

In his direct appeal, appellant argues that the trial court committed plain error by allowing testimony that Lea Barnett was deceased at the time of trial. Appellant complains that the court allowed testimony that the injuries he caused to Lea Barnett led to her eventual death. It is his contention that this constituted evidence of another crime.

■ Appellant is correct in his argument that criminal defendants have a right to be tried only for the offense for which they are charged. *State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo. banc 1989); *cert. denied,* —— U.S. ——, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). In order to run afoul of this rule of exclusion, there must be evidence of the fact that the defendant has committed, has been accused of, been convicted of, or has been definitely associated with another crime or crimes. *Id.*

The testimony of which appellant complains was that of Dr. James Hamilton, who testified for the state in relation to the injuries suffered by Lea Barnett, as follows:

[Q. Prosecutor]: But was there a final diagnosis of Ms. Barnett upon her discharge on December 8th, 1987?

[A. Dr. Hamilton]: We had the acetabular fractures. She was discharged with a closed head injury, acetabular fractures,

pneumonia, upper urinary tract infections, she had a respiratory and cardiac arrest and severe head injury.

[Q.]: Can you tell the jury what Ms. Barnett's condition is today?

[A.]: Since discharge, Ms. Barnett has died.

■ Appellant's request for relief under the plain error doctrine requires that he go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights. *State v. Hornbuckle*, 769 S.W.2d at 93.

■ Appellant has not shown any prejudice. Dr. Hamilton's testimony did not constitute evidence of other crimes and appellant was not prejudiced by its admission. Appellant's contention of error in this regard is denied.

Appellant next challenges the court's ruling on his Rule 29.15 Motion. Appellant argues that the motion court erred by denying his Rule 29.15 Motion without an evidentiary hearing.

Appellant's motion alleged ineffective assistance of trial counsel due to counsel's failure to properly preserve and pursue the defense of mental disease or defect as allowed by Chapter 552, RSMo 1986.[1] Specifically, appellant complained in his Rule 29.15 Motion that trial counsel was ineffective by failing to comply with the provisions of § 552.030.2 and § 552.020.3.

Section 552.030.2 prohibits the admission at trial of any evidence pertaining to mental disease or defect excluding responsibility except in three specific instances. First, evidence of this type is admitted if the defendant enters a plea of not guilty by reason of mental disease or defect excluding responsibility at the time of entering his plea to the charge. Secondly, such evidence is admissible if the defendant files a written notice of his purpose to rely on such defense within ten days after he has pleaded not guilty. Thirdly, such evidence

is admissible when permitted by the court for good cause, if the defendant files a written notice of his purpose to rely on such defense more than ten days after he has pleaded not guilty.

Section 552.020.3 provides as follows:

A report of the examination made under this section shall include:

(1) Detailed findings;

(2) An opinion as to whether the accused has a mental disease or defect;

(3) An opinion based upon a reasonable degree of medical or psychological certainty as to whether the accused, as a result of a mental disease or defect, lacks capacity to understand the proceedings against him or to assist in his own defense;

(4) A recommendation as to whether the accused should be held in custody in a suitable hospital facility for treatment pending determination, by the court, of mental fitness to proceed; and

(5) A recommendation as to whether the accused, if found by the court to be mentally fit to proceed, should be detained in such hospital facility pending further proceedings.

The record reflects that on September 8, 1987, appellant was found incompetent to stand trial and was committed to the Fulton State Hospital for care pursuant to § 552.020.8. Thereafter, on April 15, 1988, appellant was found competent to proceed after a hearing in circuit court. Six months later on October 12, 1988, trial counsel filed a Notice of Intent to Rely Upon Mental Disease or Defect. On October 20, 1988, the trial court granted appellant leave to file a psychiatric report, which report was to comply with § 552.020.3.

On November 2, 1988, appellant filed a psychiatric report from a Dr. Tens. However, the report did not provide all of the information required under § 552.020.3. The trial court found the report from Dr. Tens failed to address the particulars of

1. All statutory references are to RSMo 1986.

§ 552.020.3 and denied appellant's request to rely on the defense of mental disease or defect excluding responsibility.

■ In order to be entitled to an evidentiary hearing on a Rule 29.15 motion, an appellant must allege facts, not conclusions, which if true, would warrant relief; the allegations of the facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to appellant's defense. *State v. Fitzgerald*, 781 S.W.2d 174, 188 (Mo.App.1989).

■ Appellant alleged in his 29.15 Motion that trial counsel was ineffective for failing to comply with the requirements of § 552.030.2 in that counsel did not file a timely notice of intent to rely upon the defense of mental disease or defect excluding responsibility and further by submitting the report from Dr. Tens which did not meet the requirements of § 552.020.3.

Appellant's allegations of ineffectiveness are not refuted by the record. Given appellant's history of mental disease, if appellant can show that due to counsel's ineffectiveness, he was not able to raise the defense of mental disease or defect excluding responsibility, he has properly raised an issue of prejudice.

Appellant's direct appeal is denied. However, the judgment denying appellant's Rule 29.15 Motion is reversed and said cause is remanded with directions that appellant be granted an evidentiary hearing.

All concur.