### MRS. N. O. THOMPSON v. FORT WORTH & RIO GRANDE RAILWAY COMPANY.

No. 1302.   Decided May 19, 1904.

**Injuries by Death—Settlement by Deceased.**

The widow and children of one receiving personal injuries who has settled with and released the party liable, can not maintain action for his subsequent death resulting from the same injuries.   (Pp. 592, 593.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Brown County.

*Arch. Grinnan,* for appellant.—Said judgment is contrary to the findings and verdict of the jury, in that the jury by their verdict found that on December 26, 1898, R. K. Thompson was a passenger on the defendant's freight train, and while such passenger he was, by the negligence of the defendant and its agents as alleged in plaintiff's petition, injured, from which injuries he died, and that the plaintiffs by reason of said death were damaged in the sum of $2160. Rev. Stats., arts. 3017-3027; Missouri K. & T. Ry. Co. v. Brantley, 62 S. W. Rep., 94; Wallace v. Stevens, 74 Texas, 561; San Antonio & A. P. Ry. Co. v. Long, 26

S. W. Rep., 116; Yoakum, Receiver, v. Selph, 83 Texas, 608; Nelson v. Galveston H. & S. A. Ry. Co., 78 Texas, 624; Willis v. Mo. Pac. Ry. Co., 61 Texas, 434; International & G. N. Ry. Co. v. Kindred, 57 Texas, 500; Texarkana Gas, etc., Co. v. Orr, 27 S. W. Rep., 66; Davis v. St. Louis I. M. & S. Ry Co., 13 S. W. Rep., 801; Doyle v. Fitchburg Ry. Co., 162 Mass., 69; Brown v. Chicago & N. Ry. Co., 44 Law. Rep. Ann., 581; Donahue v. Drexler, 56 Am. Rep., 886, 82 Ky., 157; Chicago B. & Q. Ry. Co. v. Wymore, 58 N. W. Rep., 1120; Lubrano v. Atlantic Mills (R. I.), 34 Law. Rep. Ann., 797; Adams v. Northern P. Ry. Co., 95 Fed. Rep., 938; Matz v. Chicago & A. Ry. Co., 85 Fed Rep., 180; Sterneberg v. Mailohs (Texas), 99 Fed. Rep., 43; Cowen v. Ray, 108 Fed. Rep., 323; Pittsburg C. C. & St. L. Ry. Co. v. Hosea, 152 Ind., 412; 70 Am. St. Rep., 683 (collection of authorities).

When R. K. Thompson was injured by the wrongful act of defendant, a foundation was at once laid for a cause of action in favor of plaintiffs under the statutes of this State to demand compensation for his death, and the moment that his death resulted from such wrongful act the cause of action was full and complete. Nothing that R. K. Thompson said or did between the date of the wrongful act and his death can defeat the cause of action for the homicide. Willis v. Mo. Pac. Ry. Co., 61 Texas, 434; International & G. N. Ry. Co. v. Kindred, 57 Texas, 500; San Antonio & A. P. Ry. Co. v. Long, 87 Texas, 152; Davis v. St. Louis I. M. & S. Ry. Co., 13 S. W. Rep., 801.

Under the statutes of this State the plaintiffs have a right of action to recover damages for their own loss caused by the death of R. K. Thompson, and a contract by which the deceased released the defendant from liability for injuries to himself has no effect whatever upon their right of action. Adams v. Northern P. Ry. Co., 95 Fed. Rep., 938; Wallace v. Stevens, 74 Texas, 561; Willis v. Missouri P. Ry. Co., 61 Texas, 434; Davis v. St. Louis I. M. & S. Ry. Co., 13 S. W. Rep., 801.

*West, Chapman & West,* for appellee.—The jury having found that the deceased was in full possession of his faculties when he made the contract of settlement with appellee, the judgment was properly rendered for appellee. Rev. Stats., arts. 3017-3027; Southern Bell Tel. and Tel. Co. v. Cassin, 50 Law. Rep. Ann., 694, 111 Ga., 595; Price v. Richmond, etc., Ry. Co., 26 Am. St. Rep., 700, 33 S. C., 556; Hill v. Pennsylvania Ry. Co., 56 Am. St. Rep., 754, 178 Pa. St., 223.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Third District, as follows:

"The appellant instituted this suit for the benefit of herself and children, seeking to recover damages on account of the death of her husband, R. K. Thompson, and for personal injuries received by said Thompson.

"She alleged that while a passenger on one of defendant's trains he

sustained certain injuries, caused by the negligence of the defendant's employes, which injuries thereafter caused his death.

"Among other matters the defendant pleaded in bar a settlement with R. K. Thompson, and a release executed by him. The trial court submitted the case to the jury upon special issues, and the verdict, which is supported by testimony, establishes the following facts pertinent to the question certified:

"1. That while R. K. Thompson was a passenger on the defendant's road, he was injured as alleged; that the defendant was guilty of negligence which caused his injuries, and Thompson was not guilty of contributory negligence; and that as a result of his death, which was caused by the injuries referred to, the plaintiffs have sustained pecuniary loss in the sum of $2160.

"2. That after R. K. Thompson was injured, and after he had brought suit against the defendant to recover damages on account of such injuries and before he died as a result thereof, he made a settlement with the defendant, by which the defendant paid him the sum of $1200 in satisfaction of his demand, and in consideration of which he executed to the defendant a release, which reads as follows:

"'State of Texas, Tarrant County: Know all men by these presents: That for and in consideration of forty dollars to me in hand paid, and the payment of six hundred dollars on March 16, 1899, and five hundred and sixty dollars on April 14, 1899, I hereby release and disclaim any claim I may, might or could have against the Fort Worth & Rio Grande Railway Company and its assigns, on account of injuries sustained by me while a passenger on one of its freight trains near Stephenville, on December 26, 1898, at which time I was thrown against the caboose door and hurt in the head, back and side, and resulting in serious internal and other injuries to me, which resulted in my confinement in bed from about that date to the present time. The payment of the above sum to be in full satisfaction of all my injuries, past, present and future, on account of said accident, this March 6, 1899. (Signed) R. K. Thompson. Witness: N. H. Lassiter, N. O. Thompson.'

"On the special findings of the jury as stated above, the court rendered judgment for the defendant, and Mrs. Thompson has appealed, and by proper assignments contends, that, on the facts established by the verdict, she was entitled to a judgment for $2160.

"The controlling question in the case is this: Are Mrs. Thompson and the children of R. K. Thompson who are plaintiffs in this suit concluded by the action of R. K. Thompson in settling with the defendant and executing the release above set out?

"We have found no analogous case in this State, and find considerable conflict in the decisions of other States on the point; and for that reason the question, as stated above, is hereby certified to the Supreme Court for decision."

We answer that the release executed by Thompson constituted a bar to the action of appellants for his death.

The right of the appellant to maintain this action depends upon the construction of the following articles of our Revised Statutes:

"Art. 3017. An action for actual damages on account of injuries causing the death of any person may be brought in the following cases:

"1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, * * * of any railroad, * * * or by the unfitness, negligence or carelessness of their servants or agents; when the death of any person is caused by the negligence or carelessness of the receiver or receivers or other person or persons in charge or control of any railroad, their servants or agents, and the liability of receivers shall extend to cases in which the death may be caused by reason of the bad or unsafe condition of the railroad or machinery or other reason or cause by which an action may be brought for damages on account of injuries, the same as if said railroad were being operated by the railroad company.

"2. When the death of any person is caused by the wrongful act, negligence, unskillfulness or default of another.

"Art. 3018. The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must be of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

"Art. 3021. The action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been so caused, and the amount recovered therein shall not be liable for the debts of the deceased."

These articles embody the substance of the English statute, known as "Lord Campbell's Act," which was the first statute enacted upon the subject, and has been followed by the legislatures of most of the American States. In 1868, the English statute was construed in the case of Read v. Great E. R. R. Co., L. R. 3 Q. B., 555, in which the court held, if the injured party made a settlement with the wrongdoer and for a valuable consideration released the latter from liability for all injuries received through his negligence and subsequently died from the effects of such injury, an action by the wife and children of the deceased for damages on account of the death was barred by the release. That decision was followed by the court in the case of Griffiths v. Earl of Dudley, L. R. 9 Q. B. Div., 357.

In those States which have followed Lord Campbell's Act in their legislation upon the subject the courts have uniformly held that there is but one cause of action under the law for which there can be but one compensation, hence if the injured party sues and recovers compensation for his injuries, or compromises his claim with the wrongdoer, and for a valuable consideration executes a release therefor, the cause of action is thereby satisfied and no right of action remains to the persons named in the statute. Southern Bell Tel. Co. v. Cassin, 111 Ga., 575; Price v. Railroad Co., 33 S. C., 556; Hill v. Pennsylvania Ry. Co., 178 Pa. St., 223; Legg v. Britton, 64 Vt., 652; Hecht v. Ohio & M. Ry. Co.,

97 Supreme—38.

132 Ind., 507; Littlewood v. Mayor, 89 N. Y., 24; Tiffany on Death by Wrongful Act, sec. 124.

The decisions rest upon (1) the manifest intention of the Legislature to provide a remedy where by common law none existed and not to make the wrongdoer pay twice for one wrong; (2) upon the provision of the statute that the right of action exists only in cases wherein the injured party could himself maintain the action if he were living. Of this last ground the New York Court of Appeals, in Littlewood v. Mayor, above cited, says: "It is argued and adjudications sustain the argument that the condition that the wrongful act, etc., must be such as would have entitled the party injured to maintain an action, has reference to the circumstances of the injury and the character of the act, including the question of contributory negligence, etc. This is undoubtedly true and such is the purport of the language. But it does not follow that it can have no further effect and that it can not be considered for the purpose of determining whether the right of action created by the statute was intended to be given in cases where the deceased had in his lifetime actually recovered damages for the injury or only in cases where he could have recovered them had he lived but had not done so." The argument is sound and the conclusion is supported by the following portion of Lord Campbell's Act: "Whereas no action at law is now maintainable against the person who, by his wrongful act, negligence or default may have caused the death of another person, and it oftentimes is right and expedient that the wrongdoer in such cases should be answerable in damages for the injury so caused by him," etc. From this language it appears that the purpose of the original act was to give to the persons named compensation for the death to remedy the wrong suffered by the defect of the common law. The language, "and the act, negligence or default is such as would if death had not ensued have entitled the party injured to maintain an action for such injury," found in our first act, renders it practically certain that the purpose of the Legislature was to furnish a remedy for the injury caused by the death to those dependent upon the deceased by giving to them an action in lieu of that which he might have maintained but did not assert; but not to provide double compensation for one wrong. This action depends upon the same facts (with the additional fact of death) as did the action of the injured party, and was subject to the same defenses of contributory negligence, assumed risk, or that the injury resulted from the negligence of a fellow servant, etc., the principal difference between the two actions being in the measure of recovery. The right of action given to the injured person does not, in the event of his death, survive under our statutes, but an action by the dependent relatives named is substituted for that which was lost by the death.

The conflict in the decisions grows out of the difference in the terms of the statutes construed. The cases are too numerous to be reviewed in this opinion; it is sufficient to say that we have found no case which construes a similar statute that is in conflict with our conclusion.