# MAY, 1914

---

## MARY B. ELLIOTT ET AL. V. CITY OF BROWNWOOD.

### No. 2335.   Decided May 6, 1914.

**Death—Negligence—Cities.**

A city is not liable for the cause of action given by statute (Rev. Stats., 1911, art. 4694), "when the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."   There can be no recovery against it for death caused by its failure to maintain its public streets, bridges, or culverts in proper condition for travel.   (Pp. 293, 294.)

Certificate of dissent from the Court of Civil Appeals, Third District, in an appeal from Brown County.

Mrs. Elliott and another sued the City of Brownwood for damages from the death of her husband.   On demurrer defendant had judgment, which was affirmed on plaintiffs' appeal.   Hon. John M. Furman, sitting as Associate Justice in lieu of Mr. Justice Jenkins, who was dis-

qualified, dissented, and the court certified the point of dissent to the Supreme Court.

*Fisher & Allen* and *Arch. Grinnan,* for appellants, cited: Sayles' Stats., arts. 3017, 3018, 3140, 3270; Fleming v. Texas Loan Agency, 87 Texas, 239; City of Galveston v. Posnainsky, 62 Texas, 127; 2 Thompson on Negligence, 731, 732; Dillon on Munic. Corp., sec. 68, pp. 107, 108; City of Galveston v. Barbour, 62 Texas, 173; Baugus v. City of Atlanta, 74 Texas, 629; McGauhey v. Tripps, 12 R. I., 449; Anniston v. Ivey, 44 So., 48; Murphy v. Freeholders, 31 Atl., 229; Palestine v. Siller, 80 N. E., 345; Woodson v. Met. St. Ry. Co., 123 S. W., 821; McKee v. Peters, 126 S. W., 255; Straub v. City of St. Louis, 75 S. W., 100.

*C. L. McCartney, W. F. Ramsey,* and *C. L. Black,* for appellee, cited: City of Baltimore v. Root, 8 Md., 95; Dollman v. Moore, 12 So., 23; Searight v. City of Austin, 42 S. W., 857; Ritz v. City of Austin, 1 Texas Civ. App., 455; Fleming v. Loan Agency, 87 Texas, 238; City of Atlanta v. Smith, 27 S. E., 696; Lindsey v. Rottakin, 23 Ark., 619; Donahue v. Newburyport, 98 N. E., 1081; O'Donnel v. North Attleboro, 98 N. E., 1084; Hughes v. Auburn, 55 N. E., 389; Smith v. Louisville, 143 S. W., 3; Twyman's Administrator v. Frankfort, 78 S. W., 446.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Court of Civil Appeals of the Third Supreme Judicial District has certified the following facts to this court:.

"In this case the plaintiffs seek to recover damages from the defendant, the City of Brownwood, on account of the death of Otho S. Elliott, the husband of one and the father of the other plaintiff. They predicate their cause of action upon alleged negligence of the defendant in maintaining a certain street and bridge or culvert across the same. The trial court sustained a general demurrer to the plaintiffs' petition. The latter appealed to this court and we affirmed the judgment of the trial court, Special Associate Justice John M. Furman dissenting.

A motion for a rehearing is now pending in this court, and we have granted a motion made by appellants to certify the question of dissent. As shown by the majority opinion, a copy of which is hereto attached and made a part hereof, it was held that a municipal corporation is not liable for injuries resulting in death, although such death may have been caused by such corporation's negligence in reference to its streets; and that ruling was based upon what was said and done by the Supreme Court in Ritz v. City of Austin, 1 Texas Civ. App., 455, 20 S. W., 1029; Flemming v. Texas Loan Agency, 87 Texas, 238, 27 S. W., 126, 26 L. R. A., 250, and Searight v. City of Austin, 42 S. W., 857. The views of the dissenting judge are stated in the opinion filed by him, a copy of which is also hereto attached and made a part hereof. The opinion of the majority of the court and the dissenting opinion clearly

disclose the question of law as to which the dissent exists, and that question is hereby certified to the Supreme Court for decision."

This question of law is presented by the facts:

Is the City of Brownwood liable to appellants, in damages, for the death of Otho S. Elliott?

Prior to the enactment of article 4694, Revised Statutes, 1911, the common law was in force in Texas and damages could not be recovered for the death of anyone. The portion of said article pertinent to this question reads:

"An action for actual damages on account of injuries causing the death of any person may be brought in the following cases: . . .

"2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."

The word "another" means "another person," and it is claimed by appellants that a municipal corporation is a person within the meaning of the word "another"; person being understood; thus construed it would read "another person."

The issue has been decided by this court in the following cases by refusing applications for writs of error: Ritz v. City of Austin, 1 Texas Civ. App., 455, 20 S. W., 1029; Searight v. City of Austin, 42 S. W., 857. In each case the Court of Civil Appeals held that damages could not be recovered against a municipal corporation when the injury resulted in death. Application was made in each case to this court for writ of error, which was refused. In the case of Searight v. City of Austin, the sole question presented to this court was by assignment of error distinctly claiming that the error consisted in holding that a recovery could not be had against a municipal corporation for death occasioned by its negligence. Able counsel with earnestness and ability urged upon this court the proposition that municipal corporations were embraced in the statute. This court could not have refused that application without passing upon and overruling the assignment. Since that decision was made and application refused, it has been considered settled in this court.

We answer that there could be no recovery against the City of Brownwood on the facts stated.