**Elizabeth CARRIERE, Administratrix of the Estate of Gina Elizabeth Martin, Deceased, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 6823.**

Court of Civil Appeals of Texas, El Paso.

May 16, 1979.

Rehearing Denied June 6, 1979.

Richard Yetter & Associates, P. C., Richard Yetter, El Paso, for appellant.

Grambling, Mounce, Sims, Galatzan & Harris, John A. Grambling, El Paso, for appellee.

OPINION

WARD, Justice.

This is an appeal from a summary judgment granted in favor of a Defendant uninsured motorist insurance carrier where the estate of the insured sued for the conscious pain and suffering resulting from injuries sustained by the decedent prior to her death, and arising out of an automobile accident. The question presented was whether or not the present action was barred by a release and by a judgment in a former wrongful death action brought un-

der Article 4671 et seq., Tex.Rev.Civ.Stat. Ann., against the same Defendant. Under the circumstances presented, we affirm the judgment of the trial Court and hold the action was barred.

Gina Martin lost her life when her automobile collided with one driven by an uninsured motorist in May, 1976. She died intestate and was survived by her husband, John Martin; by her minor son, Joshua; and by her parents, Wilbert Carriere and Elizabeth Carriere. In August, a settlement of the claim was proposed by State Farm Mutual Automobile Insurance Company, which had issued the policy containing the uninsured motorist provision. Pursuant to the settlement, the surviving husband, John Martin, executed a release releasing State Farm from any and all causes of action he had as surviving husband of Gina Martin for her personal injuries or death from the accident: A friendly suit was then instituted by Wilbert Carriere suing as next friend of Joshua Martin, the minor, against State Farm, wherein damages were sought for the death of the child's mother under the Texas death statute, Article 4671, Tex.Rev. Civ.Stat.Ann., the petition also containing the following allegation:

> In addition, if Gina Elizabeth Martin sustained any conscious pain and suffering, he is the sole heir and is entitled to damages _or such conscious pain and suffering.

A guardian ad litem was appointed for the minor therein, and final judgment was entered awarding the minor the sum of $10,000.00, the judgment reciting that the sum was then paid and in addition that the said Wilbert Carriere take nothing by such action by virtue of an assignment on file therein. Nineteen months later, Elizabeth Carriere as Administratrix of the Estate of Gina Martin, Deceased, filed the present suit against the Defendant under the uninsured motorist coverage of the same insurance policy to recover for the conscious pain and suffering that Gina Martin experienced before her death.

■ The Defendant's answer pleaded that the release executed by John Martin, and the final judgment in favor of the minor child, would bar the present claim for the conscious pain and suffering of the deceased, and to permit the present recovery would allow a double recovery in favor of the sole heirs of Gina Martin. The motion for summary judgment filed asserted the facts as outlined and that a cause of action for conscious pain and suffering for the personal injuries of a person who later dies from the injuries can be asserted by either the heirs of the deceased or the administrator of the deceased; that all the claims of all heirs of Gina Martin had been disposed of by both the release and the final judgment, the latter being res judicata as to the claim asserted by the minor; and to permit the present suit would allow a double recovery to the sole heirs who had theretofore been compensated for such damages. The summary judgment proof consisted of the release executed by John Martin, exemplified copies of all proceedings in the former law suit, admissions on file, and depositions of the notary public witnessing the release and of the guardian ad litem for the minor in the previous law suit. Plaintiff filed nothing in answer to the motion for summary judgment by way of written motion, answer or other response, nor did she offer any controverting summary judgment proof.

By a general point, the Plaintiff now complains of the summary judgment, her arguments being that neither the release by the surviving husband nor the child's action barred the present claim for the decedent's conscious pain and suffering, as both the release and the suit were confined to the child's claims arising out of a wrongful death action. The point is overruled for the reasons stated.

This is the first time that such an assertion has been made. Amended Rule 166–A(c), Tex.R.Civ.P. (Supp.1979), now provides:

> Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

Therefore, no reversible error is shown. *Casey v. United States Leasing Corp.*, 571

S.W.2d 576 (Tex.Civ.App.—Dallas 1978, no writ).

■ Regardless, the claim has been previously released and barred. It is recognized that there are two separate and distinct causes of action which may arise where injuries wrongfully inflicted result in death. One is the common law action for damages sustained by the decedent and the estate as a result of the injuries. This is the cause of action for conscious pain and suffering, and it survives to the heirs or legal representatives under the provisions of Article 5525, Tex.Rev.Civ.Stat.Ann. The other is the wrongful death statute where the right of action is conferred upon the surviving husband, wife, child and parents of the deceased. The Supreme Court had held that since these statutory beneficiaries are not always entitled to assert both causes of action, the general rule is that the judgment in the wrongful death action does not necessarily bar a subsequent suit on behalf of the estate to recover for the physical pain and suffering sustained by the decedent prior to death. *Landers v. B. F. Goodrich Company*, 369 S.W.2d 33 (Tex. 1963). Here, the statutory beneficiaries actually asserted both causes of action. The friendly suit brought in behalf of the child made it both a wrongful death action and a survival action. The judgment entered was final and inclusive as to both actions.

The release in question was a broad one that discharged State Farm from any and all actions, causes of action, claims or demands . . . from any and all injuries . . . suffered or sustained by Gina Martin. It included anything relating to the survival action for the pain and suffering as well as for claims arising from a wrongful death action. *Cannon v. Pearson*, 383 S.W.2d 565 (Tex.1964).

Since the father and the son were the only heirs of the decedent, the previous judgment and the release included and disposed of the claims now being made. To rule otherwise would permit a double recovery against the present Defendant such as was condemned in the *Landers* case, supra. The judgment of the trial Court is affirmed.