**Herminia CASTILLO, and as Next Friend for Richard Castillo, Jr., Sergio Castillo, Mario Castillo and Miguel Angel Castillo, Appellants,**

v.

**HIDALGO COUNTY WATER DISTRICT NO. 1, Appellee.**

No. 13–88–430–CV.

Court of Appeals of Texas, Corpus Christi.

May 11, 1989.

George P. Powell, Hinojosa & Powell, McAllen, for appellants.

Clifton E. Slaton, Lisa D. Powell, Atlas & Hall, McAllen, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Judge.

This is an appeal from a summary judgment in a wrongful death action brought by appellants, the minor brothers of Carlos Castillo, who drowned in a canal owned and operated by appellee, Hidalgo County Water District Number One. Summary judgment was rendered against appellants on the ground that the Wrongful Death Act does not extend to the benefit of siblings. Appellants contend by three points of error that the denial of a wrongful death cause

of action to a sibling violates the Texas Constitution. We affirm.

The purpose of the Texas Wrongful Death Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 71.001 to 71.011 (Vernon 1986), is to compensate the decedent's survivors for intangible injuries resulting from their loss of future pecuniary benefits, care, maintenance, support, services, advice and counsel from the deceased. *See Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1268 (5th Cir. 1981); *Dover Corp. v. Perez,* 587 S.W.2d 761, 768 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Section 71.004(a) provides that an action for wrongful death "is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." Brothers and sisters of the deceased are without standing to bring suit under the act. *Clift v. Fincannon,* 657 F.Supp. 1535, 1540 (E.D.Tex.1987); *Sneed v. Sneed,* 705 S.W.2d 392, 398 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

By their first point of error, appellants contend that the denial of a wrongful death cause of action to siblings violates the Equal Protection clause of Tex. Const. art. I, § 3, which provides that "[a]ll free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983); *Smith v. Davis,* 426 S.W.2d 827, 831 (Tex.1968).

Under the Equal Protection clause of the Texas Constitution, when the classification created by a state statute neither infringes upon fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires that the classification be rationally related to a legitimate state interest. *Spring Branch Independent School District v. Stamos,* 695 S.W.2d 556, 559 (Tex.1985); *Sullivan v. University Interscholastic League,* 616 S.W.2d 170, 172 (Tex.1981). Under the rational basis test, similarly situated individuals must be treated equally under the statutory classification unless there is a rational basis for not doing so. *Whitworth v. Bynum,* 699 S.W.2d 194, 197 (Tex.1985). A state may classify its citizens into reasonable classes and apply different laws, or apply its laws differently, to the classes without violating equal protection, so long as the establishment of disparate treatment for different classes is rationally related to goals the legislature sought to achieve by enacting the legislation. *Stout v. Grand Prairie Independent School District,* 733 S.W.2d 290, 295 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

A statutory right to sue under the Wrongful Death act is not a fundamental or constitutional right. *Parham v. Hughes,* 441 U.S. 347, 358 n. 12, 99 S.Ct. 1742, 1749 n. 12, 60 L.Ed.2d 269 (1979). Following the rational basis test, we hold that limiting such a cause of action to the surviving spouse, parents and children of the deceased is rationally related to the State's interest in compensating only those persons who normally would have had the closest relationship to the deceased and would suffer the most from his death. In a particular case, an aunt or uncle, a brother or sister, or even a close friend not related to the deceased may have suffered like or greater harm from his death than those persons specified by the statute. This does not mean, however, that the legislature must extend a cause of action to every conceivable group that may be affected by his death. Appellants' first point of error is overruled.

By their second point of error, appellants contend that the denial of a wrongful death cause of action to siblings violates the Open Courts clause of Tex. Const. art. I, § 13, which provides in pertinent part that "[a]ll courts shall be open, and every person for an injury done him, in his lands,

goods, person, or reputation, shall have remedy by due course of law."

■ The Open Courts clause of the Texas Constitution insures for Texas citizens that the right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress. *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983); *Stout,* 733 S.W.2d at 293; *Detal Hospital, Inc. v. Estrada,* 694 S.W.2d 359, 365 (Tex.App.—Corpus Christi 1985, no writ). It is a declaration of a general fundamental principle that for such wrongs as are recognized by the law of the land, the courts shall be open and afford a remedy. *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870, 873 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *In re B—M—N—,* 570 S.W.2d 493, 498 (Tex.Civ. App.—Texarkana 1978, no writ). The clause prohibits legislative bodies from arbitrarily withdrawing all legal remedies from one having a cause of action well established and well defined in the common law. *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 953 (1955); *Ellerbe,* 618 S.W.2d at 873. It does not, however, apply to a statutory cause of action which expands the rights of an individual beyond those granted by the common law. *See Stout,* 733 S.W.2d at 297; *Tarrant County Hospital District v. Ray,* 712 S.W.2d 271, 273 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

■ A cause of action for wrongful death did not exist at common law, and it is only by virtue of statutory authority that such suits can be maintained. *Duhart v. State,* 610 S.W.2d 740, 742 n. 2 (Tex.1980); *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968). In the present case, the Open Courts clause simply does not apply. Appellants' second point of error is overruled.

■ By their final point of error, appellants contend that the denial of a wrongful death cause of action to siblings violates the Due Course of Law clause of Tex. Const. art. I, § 19, which provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Because appellants have no constitutionally protected interest in being compensated for the death of another under the Wrongful Death Act, *Parham,* 441 U.S. at 358 n. 12, 99 S.Ct. at 1749 n. 12, failure of the legislature to extend such a cause of action to them does not violate their rights under the Due Course of Law clause. *See Stamos,* 695 S.W.2d at 561–62.

In addition, even if there were a constitutionally protected interest in maintaining a wrongful death suit, the limitations imposed by the Wrongful Death Act would not violate the Due Course of Law clause because they are not arbitrary or unreasonable. *Stout,* 733 S.W.2d at 297; *B—M—N —,* 570 S.W.2d at 503. Appellants' third point of error is overruled.

The judgment of the trial court is AFFIRMED.