Martin SUBER and Craig Suber, Minors, by Next Friend, Craig SUBER, Craig Suber, Individually, and Jane Kirby, Appellants,

v.

OHIO MEDICAL PRODUCTS, INC., Airco, Inc., Ohio Medical Products, a Division of Airco, Inc., Ohmeda Group, a Division of the Boc Group, Inc., the State of Texas, the University of Texas Medical Branch at Galveston, John Sealy Hospital, and Harvey Slocum, Appellees.

No. C14–90–0069–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1991.

Rehearing Overruled June 27, 1991.

**648**

David D. Williams, Houston, W.C. Roberts, Jr., Dallas, for appellants.

Randall E. Butler, Houston, Delmar L. Cain, Austin, Stephen R. Lewis, Jr., Mary C. Thompson, Galveston, for appellees.

## OPINION

PAUL PRESSLER, Justice.

A summary judgment was granted holding that surviving beneficiaries may not maintain a wrongful death cause of action where the decedent recovered a judgment for personal injuries before her death. The decedent's minor children, husband and mother appeal. On January 17, 1991, a panel of this court issued a majority opinion reversing the judgment of the trial court, with one justice dissenting. On rehearing en banc, the opinion of January 17, 1991 is withdrawn and the following opinion is substituted affirming the judgment of the trial court.

While undergoing minor surgery at John Sealy Hospital in Galveston County, Christy Suber received an overdose of anesthetic gases, resulting in physical and mental injuries. While she was alive, though comatose, Christy Suber's husband, Craig Suber, brought suit on her behalf against Ohio Medical Products, Inc., a division AIRCO, Inc., and OHMEDA, a division of the BOC Group, Inc. (collectively "Ohmeda"), and against Harvey Slocum, M.D., the State of Texas, the University of Texas Medical Branch, and John Sealy Hospital (collectively "the hospital defendants"). At the close of the plaintiffs' case, the hospital defendants moved for instructed verdict on the ground that the plaintiffs had not raised a material fact issue against them. The trial court granted these motions. Trial proceeded as to Ohmeda and the jury found Ohmeda's products, the Modulus I Anesthesia Gas Machine and the Vernitrol Vaporizer, defectively designed, and found Ohmeda negligent in its design of the machine and its failure to warn. The trial court entered judgment for the Subers, awarding damages of more than $6,000,000. This judgment was affirmed on appeal to this court. *See Ohio Medical Products, Inc. v. Suber,* 758 S.W.2d 870 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

Christy Suber died on February 1, 1989. The instant wrongful death action ensued against the same defendants as in the prior personal injury suit. All defendants filed motions for summary judgment contending appellants' claims were barred by res judicata, satisfaction and release, and by the language of the Texas Wrongful Death Act. The trial court granted these motions.

The standard of review of a summary judgment is whether the summary judgment proof establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In reviewing the summary judgment proof, all evidence favorable to the non-movant must be taken as true, indulging all inferences and resolving all doubts in the non-movant's favor. *Id.*

Appellants first challenge the summary judgment on the ground that the trial court incorrectly construed the Texas Wrongful Death Act to preclude the instant cause of action. There are no Texas cases presented addressing, other than in dicta, the precise issue of whether a judgment for damages in a personal injury action brought by the decedent during his life bars a subsequent wrongful death action by the statutory beneficiaries.

Section 71.003(a) of the Act, provides that the Wrongful Death Act applies "only if the individual injured would have been entitled to bring an action for the injury if he had lived." TEX.PRAC.REM.CODE ANN. § 71.003(a) (Vernon 1986). Appellants con-

tend that this language refers to the necessity of a tortious act causing injury and not to procedural bars to the maintenance of suit. Appellees, on the other hand, point to a long line of Texas case law holding that a wrongful death action derives from the decedent's cause of action. *See, e.g., Davenport v. Phillip Morris, Inc.,* 761 S.W.2d 70, 71 (Tex.App.—Houston [14th Dist.] 1988, no writ). These cases hold that, if a decedent could not have brought a cause of action if he survived the injuries, the statutory beneficiaries likewise have no cause of action for wrongful death. *See Schwing v. Bluebonnet Express, Inc.,* 489 S.W.2d 279, 281 (Tex.1973); *Davenport,* 761 S.W.2d at 71.

■ Due to the derivative nature of the wrongful death action, Texas cases have held that any defense to a decedent's cause of action for his own injuries is applicable in a subsequent action for wrongful death. *See Bounds v. Caudle,* 560 S.W.2d 925, 926 (Tex.1977) (interspousal tort immunity); *Thompson v. Fort Worth and R.G.Ry.Co.,* 97 Tex. 590, 80 S.W. 990, 991 (1904) (settlement and release); *Davenport,* 761 S.W.2d at 72 (statute of limitations). In *Thompson v. Fort Worth and R.G.Ry.Co.,* 97 Tex. 590, 80 S.W. 990 (1904), the decedent had settled his claim for injuries and had signed a release. Following his death, his widow and children brought a wrongful death action. *Id.,* 80 S.W. at 991. In holding that the release barred the subsequent wrongful death claim, the court explained:

> The language, "and the act, negligence or default is such as would if death had not ensued have entitled the party injured to maintain an action for such injury," found in [the then existing wrongful death statute], renders it practically certain that the purpose of the Legislature was to furnish a remedy for the injury caused by the death to those dependent upon the deceased, by giving them an action in lieu of that which he might have maintained but did not assert, but not to provide double compensation for one wrong.

*Id.,* 80 S.W. at 992. The *Thompson* court based its holding on cases from other juris-

dictions construing statutes similar to the Texas statute which reasoned:

> [t]here is but one cause of action under the law, for which there can be but one compensation; hence, if the injured party sues and recovers compensation for his injuries, or compromises his claim with the wrongdoer, and for a valuable consideration executes a release therefor, the cause of action is thereby satisfied, and no right of action remains to the persons named in the statute.

*Id.,* 80 S.W. at 991–92. *See also Blount v. Gulf, C. & S.F.Ry.Co.,* 82 S.W. 305, 306 (Tex.Civ.App.—1904, no writ) (citing the above-quoted language and holding that decedent's settlement and release during his lifetime barred the beneficiaries' subsequent wrongful death action).

■ The Fifth Circuit Court of Appeals has addressed the issue before us in *Delesma v. City of Dallas,* 770 F.2d 1334 (5th Cir.1985). In *Delesma,* the decedent had brought an action for his injuries during his lifetime and the trial court had rendered a take nothing judgment on his claims. *Id.* at 1335. After his death, his children brought a wrongful death action under the Texas Wrongful Death Act and 42 U.S.C. § 1983. *Id.* at 1335–36. In holding that the prior judgment in decedent's action for injuries barred the subsequent wrongful death claim, the court stated:

> [U]nder the Wrongful Death Act, a wrongful death claim derives wholly from the cause of action that the decedent could have asserted for personal injuries had he lived. The survivors thus occupy the decedent's legal shoes. Any defense that would have defeated a personal injury claim during [the decedent's] lifetime likewise vanquishes their claims.

*Id.* at 1338. Like the decedent in *Delesma,* Christy Suber pursued her action for personal injuries to judgment. Thus, res judicata would have barred a second suit by Christy Suber for her injuries since there would have been an identity of parties, issues and subject matter. *See Id.; Bonniwell v. Beech Aircraft Corp.* 663 S.W.2d 816, 818 (Tex.1984). Because Christy Suber could not have brought another action

if she had survived, TEX.CIV.PRAC. & REM. CODE ANN. § 71.003(a) precludes appellants from maintaining a wrongful death action.

This holding is consistent with prior Texas case law construing the Wrongful Death Act. Appellants' assertion that such a construction defeats the remedial purpose of the statute is incorrect. As the court stated in *Witty v. American Gen. Capital Distrib., Inc.*, 727 S.W.2d 503, 504 (Tex.1987): "[A]lthough our wrongful death statute is remedial in nature and must be liberally construed, we may not rewrite the statute in the guise of construing it." By enacting the Wrongful Death Act, the legislature provided a remedy to certain beneficiaries that was unavailable under the common law. *Elliott v. City of Brownwood*, 106 Tex. 292, 166 S.W. 1129, 1129 (1914). This remedy is available to the beneficiaries, however, only if it would have been available to the decedent, had he survived. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986). Thus, the express language of the statute reflects the legislature's intention to limit the availability of the remedy. This express limitation does not negate the remedial purpose of the statute.

Appellants also claim that the summary judgment conflicts with the holding in *Sea–Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). In *Sea–Land*, the decedent had been injured while working as a longshoreman on a vessel in Louisiana navigable waters. *Id.* at 574, 94 S.Ct. at 809. The decedent had obtained a judgment for damages in his action for injuries initiated during his lifetime and the trial court had dismissed the wrongful death action brought by the decedent's beneficiaries. *Id.* The court first observed that no federal statute established a wrongful death action where the injury occurs within the three-mile territorial waters of a state. *Id.* at 576, 94 S.Ct. at 810. Thus, unlike the instant case, *Sea–Land* did not involve the construction of a wrongful death statute. *See id.* at 576–577, 94 S.Ct. at 810–811.

Although no statute provided a remedy in *Sea-land*, the court noted that *Moragne*

*v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) had created a wrongful death action under federal maritime law. *Id.* at 574, 94 S.Ct. at 809. Having no statutory limitations and no case law shaping the new nonstatutory remedy, the court ruled that the beneficiaries may maintain a wrongful death action even though the decedent had obtained a judgment for damages in an action brought prior to his death. *Id.* at 583, 94 S.Ct. at 814. Because the *Sea–Land* holding did not depend on the construction of a statute, it is inapplicable to the instant case.

Appellants contend that the preclusion of the beneficiaries' claims in the instant case violates the Texas and United States Constitutions. Specifically, appellants claim the summary judgment violates the Texas "open courts provision" and the due process and equal protection guarantees of the state and federal constitutions. The "open courts provision" is a due process guarantee ensuring that "Texas citizens bringing common law causes of action will not unreasonably be denied access to the courts." *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983). Thus, the right to bring a well-established common law cause of action cannot be restricted by the legislature absent a showing that "the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." *Id.* at 665–66. This provision does not apply to a statutory cause of action which constitutes an expansion of the rights granted by the common law. *See Castillo v. Hidalgo County Water Dist. No. 1*, 771 S.W.2d 633, 636 (Tex. App.—Corpus Christi 1989, writ requested). The Texas Wrongful Death Act provides for a cause of action that did not exist at common law. *See id.* Because a wrongful death action is a statutory action and not a common law cause of action, the Texas "open courts provision" does not apply.

Regarding appellants' due process challenge, we note that the "strictures of due process apply only to the threatened deprivation of liberty and property interests deserving the protection of the federal

and state constitutions." *Spring Branch Indep. School Dist. v. Stamos*, 695 S.W.2d 556, 560 (Tex.1985), *appeal dismissed*, 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986). The statutory right to sue for the wrongful death of another is not a fundamental or constitutionally-protected right. *Parham v. Hughes*, 441 U.S. 347, 358 n. 12, 99 S.Ct. 1742, 1749 n. 12, 60 L.Ed.2d 269 (1979); *Castillo*, 771 S.W.2d at 636. Thus, construing § 71.003(a) to preclude appellants from bringing a wrongful death action does not violate their due process right.

 Appellants further challenge the summary judgment on the ground that TEX.CONST. Art. 16, § 26 guarantees wrongful death beneficiaries a cause of action for gross negligence resulting in death. Article 16, § 26 provides:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

TEX.CONST. art. 16, § 26. Although this section provides for exemplary damages upon a finding of gross negligence, it is inapplicable where an award of actual damages is unsupportable. *See Go Int'l, Inc. v. Lewis*, 601 S.W.2d 495, 499 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.). Because appellants are barred from bringing a wrongful death action in the instant case, there can be no recovery of actual damages, and thus, no recovery of exemplary damages. Consequently, this constitutional provision is inapplicable.

 Appellants' final constitutional challenge involves the equal protection guarantees of the Texas and U.S. Constitutions. The appropriate standard of review must be determined. If the statutory scheme infringes upon fundamental rights or interests or burdens an inherently "suspect" class, the scheme is subject to strict scrutiny. *See Stamos*, 695 S.W.2d at 559–60. If, on the other hand, the statutory scheme does not burden an inherently suspect class or infringe upon fundamental rights, the statutory classification need only be rationally related to a legitimate state interest. *Id.* at 559.

 The statutory right to sue provided by the Texas Wrongful Death Act does not implicate a fundamental right or interest. *See Parham*, 441 U.S. at 358 n. 12, 99 S.Ct. at 1749 n. 12. Furthermore, section 71.-003(a) does not burden an inherently suspect class. "Suspect" classifications are those "likely to reflect deep seated prejudice rather than legislative rationality in pursuit of a legitimate objective." *Cunningham v. Beavers*, 858 F.2d 269, 273 (1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1343, 103 L.Ed.2d 812 (1989). The statutory denial of a wrongful death remedy to beneficiaries whose decedent obtained a judgment for damages for the injuries during his lifetime does not create a "suspect" classification. Thus, it must be determined whether the denial of a wrongful death remedy under these circumstances is rationally related to a legitimate state interest. *See Stamos*, 695 S.W.2d at 559.

 Section 71.003(a) allows certain beneficiaries to maintain a wrongful death action only if the decedent could have sued for the injury had he survived. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986). As discussed above, this language highlights the derivative nature of the wrongful death remedy. The purpose of this statute is:

> to furnish a remedy for the injury caused by the death to those dependent upon the deceased, by giving to them an action in lieu of that which he might have maintained but did not assert, but not to provide double compensation for one wrong.

*Thompson v. Fort Worth & R.G.Ry.Co.*, 97 Tex. 590, 80 S.W. 990, 992 (1904). Precluding statutory beneficiaries from bringing a wrongful death action where the decedent already recovered for the injury is rationally related to the legitimate objective of preventing more than one suit and more than one recovery for one injury. Thus,

there is no violation of the equal protection guarantees of the Texas or U.S. Constitutions.

Finally, appellants claim the trial court erred in granting summary judgment because the defenses of res judicata and satisfaction and release alleged in appellees' motion were inapplicable. In their motions for summary judgment, appellees raised three defenses: final judgment, satisfaction and release, and the statutory bar to appellants' suit found in § 71.003(a).

The doctrine of res judicata, also known as claim preclusion, bars retrial of claims asserted in a prior suit where there is "identity of parties, issues and subject matter." *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). Appellant argues that res judicata is inapplicable because there is no identity of parties and issues. Although the defendants in the personal injury suit and the wrongful death suit are identical, the plaintiffs are not. The children and mother of the decedent were not parties to the first suit. Furthermore, the two suits involve different issues as to damages recoverable. In the personal injury suit, the decedent and her husband recovered damages for past and future medical expenses, past and future mental and physical impairment, loss of decedent's future earing capacity, past and future loss of consortium, and past and future loss of decedent's services. In the wrongful death suit, the statutory beneficiaries may seek damages for mental anguish, loss of society and companionship, pecuniary loss or loss of support, and loss of inheritance. *See Moore v. Lillebo*, 722 S.W.2d 683, 686–88 (Tex.1986).

As previously discussed, TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) and case law construing this section hold that any defense barring a decedent's cause of action, had the decedent survived, also bars the wrongful death action. Thus, res judicata is applicable to the instant action by virtue of the language in § 71.003(a). Apart from this statutory language, however, res judicata is inapplicable to the instant case because the parties and issues presented in the prior personal injury action differ from those presented in the wrongful death action.

Where any ultimate issue of fact was actually litigated and was essential to judgment in a prior suit, collateral estoppel bars relitigation of those issues. *See Bonniwell*, 663 S.W.2d at 820. To invoke the doctrine of collateral estoppel, a party must establish:

> (1) The facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.

*Id.* at 820–21 (footnote omitted). Texas courts do not require mutuality of parties for invocation of collateral estoppel. *Id.* at 821. Rather, collateral estoppel is applicable and meets due process requirements where "the persons against whom collateral estoppel operates have had their day in court, either as parties, privies, or through actual and adequate representation ..." *Id.* Persons who were not parties, but were in privity with the parties to a prior suit are those persons who were "so connected with the party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971).

In the prior personal injury action, decedent and her husband actually litigated the issues of liability with respect to all appellees. Following presentation of plaintiffs' evidence, the trial judge granted the motions for directed verdict of all appellees but Ohmeda on the ground that plaintiffs had raised no fact issues as to the hospital defendants. The jury found Ohmeda negligent and assessed more than $6 million in damages. Thus, the issue of liability for the decedent's injury that ultimately resulted in her death was fully litigated as to all appellees. Although decedent's minor children and mother were not parties to this prior suit, the interests of the decedent and her husband, under the circumstances, adequately represented the same legal right. Consequently, collateral estoppel operates

to bar relitigation of the issue of liability as to all appellees. If the Wrongful Death Act had allowed appellants' wrongful death action, collateral estoppel would have precluded relitigation of liability issues. Because a wrongful death action involves different types of damages than those sought in a personal injury action, collateral estoppel would be inapplicable to elements of damages not recoverable in the prior personal injury action. *See Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 591–95, 94 S.Ct. 806, 818–19, 39 L.Ed.2d 9 (1974).

This determination also relates to the defense of satisfaction and release asserted by appellees in their motions for summary judgment. Appellees claimed that because appellants had received full satisfaction of judgment in their suit for decedent's injury, appellants are precluded from seeking additional damages for this injury in a wrongful death action. As discussed above, the damages recoverable in a personal injury action differ from those recoverable in a wrongful death action. Thus, satisfaction of a judgment for damages in a personal injury action would not bar a wrongful death action for damages not recoverable in the prior suit. Furthermore, neither the decedent nor appellants signed a release of any claims against appellees. Consequently, appellees' defense of satisfaction and release was insufficient to support summary judgment in the instant case.

Although apart from the language of § 71.003(a), the defenses of res judicata, collateral estoppel, and satisfaction and release do not support the trial court's grant of summary judgment, § 71.003(a) does support the summary judgment in that this section precludes appellants from bringing a wrongful death action where the decedent recovered a judgment for her injuries during her lifetime. Accordingly, the summary judgment rendered by the trial court is affirmed.

ELLIS, Justice, dissenting.

Because I believe the language of the Texas Wrongful Death Act does not compel preclusion of a wrongful death action under the instant circumstances, and because the majority's construction denies recovery to those whom the statute was designed to protect, I respectfully dissent.

The majority holds that TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) precludes a wrongful death action where the decedent had prosecuted a personal injury action to judgment before death. The majority finds support for this construction of the statute in cases holding that a wrongful death action derives from the decedent's cause of action. *See Davenport v. Phillip Morris, Inc.,* 761 S.W.2d 70, 71 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Bounds v. Caudle,* 560 S.W.2d 925, 926 (Tex.1977); *Thompson v. Fort Worth & R.G.Ry.Co.,* 97 Tex. 590, 80 S.W. 990, 991 (1904). Although case law has consistently held that a wrongful death action is derivative of the decedent's cause of action, the statutory language upon which this judicial construction is based has changed. The present version of § 71.003(a) is a codification and amended version of TEX.REV.CIV.STAT.ANN. art. 4672, which provided:

> The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury.

In repealing the prior statutes and enacting the Civil Practice & Remedies Code, the legislature stated that this code was intended as a "topic-by-topic revision of the state's general and permanent statute law without substantive change." TEX.CIV. PRAC. & REM.CODE § 1.001(a) (Vernon Supp. 1991). The language in art. 4672 is similar to the language in the original wrongful death statute, known as Lord Campbell's Act, upon which most wrongful death statutes are based. *See Alfone v. Sarno,* 87 N.J. 99, 432 A.2d 857, 860 (1981). Section one of Lord Campbell's Act provided:

> [W]hensoever the Death of a Person shall be caused by wrongful Act, Neglect or Default, and the Act, Neglect, or Default is such as would (if Death had not ensued) have entitled the Party injured to maintain an Action and recover Damages in respect thereof, then and in every

such Case the Person who would have been liable if Death had not ensued shall be liable to an Action for Damages, notwithstanding the Death of the Person injured....

W.P. KEETON, PROSSER & KEETON ON THE LAW OF TORTS, § 127 at 954 n. 6 (5th ed.1984) (quoting 9 & 10 Vict., ch. 93). This language, as well as the language in art. 4672, indicates that the tortious nature of the conduct resulting in death is determinative. Agreeing with this interpretation of such wrongful death statutes, Dean Prosser stated:

It is not at all clear, however, that such provisions of the death acts ever were intended to prevent recovery where the deceased once had a cause of action, but it has terminated before his death. The more reasonable interpretation would seem to be that they are directed at the necessity of some original tort on the part of the defendant, under circumstances giving rise to liability in the first instance, rather than to subsequent changes in the situation affecting only the interest of the decedent.

W. PROSSER, THE LAW OF TORTS, § 127 at 911 (4th ed.1971). This interpretation is consistent with the remedial purpose of the Wrongful Death Act—to provide certain persons with the right to recover for the death of a family member. In applying this interpretation of § 71.003(a) to the instant case, appellants would not be barred from maintaining a wrongful death action because there was an original tort, Ohmeda's defective design of the anesthesia machine, under circumstances giving rise to liability.

Section 71.003(a) of the Texas Practices & Remedies Code provides that the wrongful death statute is applicable "only if the individual injured would have been entitled to bring an action for the injury if he had lived." The action to which § 71.003(a) ap-

parently refers is the common law action for damages sustained by the injured person which, if the injury results in death, survives to the heirs, estate, or legal representative under TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986). *See Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33, 35 (Tex.1963). In bringing an action for injuries or a survival action, the plaintiff seeks compensation for the damages sustained by the injured party or the decedent as a result of the injuries. *See id.*

A wrongful death action, on the other hand, is a statutorily created remedy for certain beneficiaries who may not be entitled to participate in the pre-death action for damages [1] or in a survival action. *See Id.* Furthermore, the damages recoverable in a wrongful death action are those suffered by the beneficiaries as a result of the decedent's death. *See id.* Thus, the damages recoverable in a wrongful death action differ from those recoverable in an action for injuries or in a survival action, despite the observations in some Texas cases that the damages recoverable in these actions are the same. *See Thompson v. Fort Worth and R.G.Ry.Co.,* 97 Tex. 590, 80 S.W. 990, 991–92 (1904); *Blount v. Gulf, C. & S.F.Ry.Co.,* 82 S.W. 305, 306 (Tex.Civ.App.1904, no writ).

In asserting a wrongful death action, the statutory beneficiaries seek compensation for the damages they have suffered or will suffer as a result of the decedent's death. This includes lost pecuniary benefits and loss of society, companionship, and affection. *See Castillo v. Hidalgo County Water Dist. 1,* 771 S.W.2d 633, 635 (Tex. App.—Corpus Christi 1989, writ requested). Because the damages sought and the parties entitled to bring a wrongful death action differ from those sought in a survival action, Texas courts have held that recovery based on one cause of action does not preclude a subsequent recovery based on

---

1. At the time of filing of the Suber's personal injury suit, children could not recover damages in such a suit for loss of companionship, love, and society; however, the Texas Supreme Court has recently ruled that a "serious, permanent and disabling injury to a parent" also injures the parent-child relationship, a relationship worthy

of judicial recognition. *Reagan v. Vaughn,* 804 S.W.2d 463, 466 (Dec. 19, 1990), *clarified on reh'g,* 804 S.W.2d at 467 (March 6, 1991). Thus, children may now join in a personal injury suit and seek damages for loss of parental consortium. *Id.*

the other. *See Landers*, 369 S.W.2d at 36; *Carriere v. State Farm Mut.Auto.Ins.Co.*, 581 S.W.2d 797, 799 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *Heil Co. v. Grant*, 534 S.W.2d 916, 926 (Tex.Civ. App.—Tyler 1976, writ ref'd n.r.e.). I find it illogical to allow parties to assert a wrongful death action after recovery of judgment in a survival action, but not to allow assertion of a wrongful death action after recovery of judgment during the decedent's lifetime for personal injuries.

By holding that the prior judgment bars the wrongful death action, the majority enables the decedent to extinguish the beneficiaries' cause of action before it accrues. If Christy Suber had not brought her action for injuries prior to her death, however, she would have extinguished both her own cause of action or a survival action and the beneficiaries' wrongful death action under the statute of limitations. A panel of this court addressed such an issue in *Davenport v. Phillip Morris, Inc.*, 761 S.W.2d 70 (Tex.App.—Houston [14th Dist.] 1988, no writ).

In *Davenport*, the decedent learned in 1977 that he had emphysema and cardiovascular problems caused by cigarette smoking. *Id.* at 71. The decedent did not bring an action during his lifetime, but at his death in 1986, his beneficiaries brought a wrongful death action against a number of cigarette manufacturers, distributors, and related organizations. *Id.* This court held that, by 1986, the statute of limita-

tions had run on the decedent's cause of action for injuries. *Id.* at 72. Reasoning that the only cause of action in a wrongful death case was "one for the injuries incurred by the deceased," the court held that extinction of decedent's cause of action also extinguished the wrongful death action, despite the fact that the statute of limitations for wrongful death actions states that "[t]he cause of action accrues on the death of the injured person."[2] *Id.* (quoting TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986)). *See also Russell v. Ingersoll–Rand Co.*, 795 S.W.2d 243 (Tex.App.—Houston [1st Dist.] 1991, writ granted).

In the instant case, the injury occurred on or about April 19, 1984; however, Christy Suber remained alive, though comatose, until February 1, 1989. Under TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(a), a person must bring a cause of action for personal injury not later than two years from the date the cause of action accrues. Because the nature of the injury was discovered soon after it occurred, the two-year statute of limitations would have run well before Christy Suber died. Thus, where individuals are injured but do not die from these injuries within two years, the holding in *Davenport* requires prompt institution of a person injury suit or both the action for injuries and a wrongful death action will be time barred. If, however, the decedent does prosecute an action for injuries to judgment prior to death, thereby avoid-

**2.** Although the statutes of limitations governing wrongful death actions in different jurisdictions vary in phraseology, the general rule is that the cause of action accrues at death. *See St. Francis Hosp., Inc. v. Thompson*, 159 Fla. 453, 31 So.2d 710, 711 (1947); Annotation, *Time from which Statute of Limitations Begins to Run Against Cause of Action for Wrongful Death*, 97 A.L.R.2d 1151, 1154 (1964). In construing the Indiana statute which required wrongful death actions to commence within two years of death, the Supreme Court reasoned:

To say, therefore, that, where the person injured dies one year and two days after being injured, no action can be maintained by the personal representative, is to go in the face of the statute, which makes no distinction between cases where death occurs within less than a year and a day from the injury and where it does not occur until after the expira-

tion of one year and a day ... Was the death, in fact, caused by the wrongful act or omission of the defendant? That is the vital inquiry in each case. The statute imposes no other condition upon the right to sue. The court has no authority to impose an additional or different one.

*Louisville, E. & St. L.R. Co. v. Clarke*, 152 U.S. 230, 238–39, 14 S.Ct. 579, 580–81, 38 L.Ed. 422 (1894). Because the Texas statute of limitations for wrongful death actions expressly states that the cause of action accrues at death, I question this court's authority to impose the additional requirement, not contained in the statute, that the statute of limitations must not have run on the decedent's right to sue for the injuries that ultimately resulted in death. *Contra Russell v. Ingersoll–Rand Co.*, 795 S.W.2d 243 (Tex.App.— Houston [1st Dist.] 1991, writ granted).

ing any limitations problem, the statutory beneficiaries remain unable to assert a cause of action for their damages under the majority's interpretation of § 71.003(a).

The inequitable result of the majority's construction is that the statutory beneficiaries, under circumstances such as those in the instant case, have no remedy for the damages they have suffered. The majority apparently does not find this a harsh result because the decedent recovered a substantial amount of damages prior to her death. The Supreme Court addressed this double recovery argument in *Sea–Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974).

In *Sea–Land*, the decedent had recovered damages for loss of past and future wages, medical expenses, and pain and suffering. *Id.* at 591, 94 S.Ct. at 818. In determining that this prior recovery did not duplicate the damages recoverable in a wrongful death action, the court reasoned:

> Obviously, the decedent's recovery did not include damages for the dependent's loss of services or of society, and funeral expenses. Indeed, these losses—unique to the decedent's dependents—could not accrue until the decedent's death. Thus, recovery of damages in the maritime wrongful-death action will not subject Sea–Land to double liability or provide the dependents with a windfall.

*Id.* at 591–92, 94 S.Ct. at 818. Cognizant of the apparent overlap between the decedent's recovery for loss of future wages and the dependent's claim for loss of support, the Court observed that collateral estoppel would preclude the relitigation of the issue of support which derives, at least in part from the decedent's future wages. *Id.* at 592, 94 S.Ct. at 818.

In construing a statute similar to that in Texas, the Supreme Court of New Jersey also addressed the question whether to allow a wrongful death action despite a prior recovery of damages and considered the argument that to do so would result in duplication of damages. *See Alfone v. Sarno*, 87 N.J. 99, 432 A.2d 857 (1981). The *Alfone* court observed that courts in other jurisdictions "have allowed this prob-

lem so to confound the statutory rights of wrongful death beneficiaries as to wipe them out completely." 432 A.2d at 866. Rather than denying a remedy to the statutory beneficiaries, the *Alfone* court held that, although a prior recovery of damages would not preclude a wrongful death action, collateral estoppel would preclude relitigation of issues of liability and certain types of damages. *Id.* at 867–69.

I find the reasoning in *Alfone* persuasive. Because the parties in the instant wrongful death action seek damages that were not recoverable in the prior personal injury suit, the prior judgment should not bar a subsequent wrongful death action. This does not mean that a wrongful death action is independent in all respects from a prior personal injury action. Although a wrongful death action involves different parties and different interests, the right to bring a wrongful death action derives from the tortious act that caused the injury and, eventually, the death. Because appellees have already litigated the issue of liability for the injuries caused to the decedent, collateral estoppel should bar relitigation of this issue. *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

To invoke the doctrine of collateral estoppel, a party must establish:

> (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.

*Id.* at 820–21 (footnote omitted). In the prior personal injury action, decedent and her husband actually litigated the issue of liability with respect to all appellees. Following presentation of plaintiffs' evidence, the trial judge granted the motions for directed verdict of the hospital defendants on the ground that plaintiffs had raised no fact issues as to these parties. The jury found Ohmeda negligent and assessed more than $6 million in damages. Thus, the issue of liability for the decedent's injury that ultimately resulted in her death was fully litigated as to all appellees. Although

decedent's minor children and mother were not parties to this prior suit, the interests of the decedent and her husband, under the circumstances, adequately represented the same legal right. Consequently, collateral estoppel should operate to bar relitigation of the issue of liability as to all appellees.

Because a wrongful death action involves different types of damages than those sought in a personal injury action, collateral estoppel should be inapplicable to elements of damages not recoverable in the prior personal injury action. *See Sea–Land,* 414 U.S. at 591–92, 94 S.Ct. at 818; *Alfone,* 432 A.2d at 867–69. In the prior personal injury suit involved in the instant case, the decedent recovered damages for past and future medical expenses, past and future mental and physical impairment, and loss of decedent's future earning capacity. The decedent's husband recovered damages for past and future loss of consortium and past and future loss of decedent's services. The damages recoverable in a wrongful death action are damages for mental anguish, loss of society and companionship, pecuniary loss or loss of support, and loss of inheritance. *See Moore v. Lillebo,* 722 S.W.2d 683, 686–88 (Tex.1986). Because the decedent's husband already recovered damages for loss of consortium and services, collateral estoppel should bar relitigation of the husband's damages for loss of consortium and services. Furthermore, the decedent's recovery for loss of future earning capacity effectively constitutes the pecuniary loss, or loss of economic support, for which the beneficiaries in a wrongful death action may seek recovery. Thus, collateral estoppel should also bar relitigation of damages for lost pecuniary benefits. The only damages that appellants could seek in the instant wrongful death action, that were not recoverable in the prior action, are those for mental anguish suffered by appellants as a result of the death, the loss of society and companionship suffered by the beneficiaries other than the husband, and the funeral expenses.

Subject to the limitations imposed under the doctrine of collateral estoppel, I would reverse the summary judgment and remand the cause for trial.

SEARS, J., joins in this dissent.